UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DANIEL SKAGGS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 22-3178 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF TAYLORVILLE, | ) | |
| Taylorville Police Officers | ) | |
| JEREMY ALWERDT, DWAYNE WHEELER, | ) | |
| and VINCE CHILDERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Christian County, Illinois.

5. Defendant-Officers JEREMY ALWERDT ("Defendant ALWERDT"), DWAYNE WHEELER ("Defendant WHEELER"), and VINCE CHILDERS ("Defendant CHILDERS"), are duly appointed and sworn Taylorville police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY TAYLORVILLE is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant-

Officers.

## Facts

8. On or about November 10, 2021, at approximately 1:25 p.m., Plaintiff was in a vehicle that was stopped by the Defendant-Officers.

9. Defendants WHEELER and CHILDERS ordered Plaintiff out of the vehicle at gun point.

10. Defendant ALWERDT approached the vehicle with his K9 partner Kairo.

11. Defendant WHEELER opened the driver's side door.

12. Plaintiff began to exit the vehicle with his hands raised.

13. Defendant CHILDERS grabbed Plaintiff by the back of the neck and slammed him to the ground.

14. Plaintiff was complying with the order to exit the vehicle and not resisting when Defendant CHILDERS grabbed him and slammed him to the ground.

15. Defendant CHILDERS twisted Plaintiff's hands behind his back while handcuffing Plaintiff.

16. Plaintiff was not resisting Defendant CHILDERS and was placing his hands behind his back.

17. Defendants WHEELER and ALWERDT were present as CHILDERS slammed Plaintiff to the ground and twisted Plaintiff's hands behind his back.

18. Defendants WHEELER and ALWERDT had an opportunity to stop Defendant CHILDERS from violently twisting Plaintiff's hands behind his back but failed to take any reasonable steps to stop Defendant CHILDERS.

19. While Defendant CHILDERS was on top of Plaintiff and in the process of handcuffing Plaintiff, Defendant ALWERDT commanded K9 Kairo to bite Plaintiff.

18. Prior to the deployment of Kairo, Plaintiff was complying with the Defendants' orders and surrendering to arrest.

19. Plaintiff was unarmed and had his hands behind his back.

20. Defendant CHILDERS was already in the process of handcuffing Plaintiff when Defendant ALWERDT commanded Kairo to bite Plaintiff.

21. Plaintiff was not a threat to any of the Defendants and had already surrendered.

22. Defendants CHILDERS and WHEELER were present as Plaintiff was on the ground being attacked by Kairo.

23. Defendants CHILDERS and WHEELER had an opportunity to stop Defendant ALWERDT and Kairo from attacking Plaintiff while he was complying with the police commands but failed to take any reasonable steps to stop Kairo or Defendant ALWERDT from doing so.

24. While Plaintiff was on the ground being attacked by Kairo, Defendant ALWERDT did not promptly remove Kairo from the bite. K9 officers are trained to remove their K9 from a bite once the individual is no longer a threat and complying. Here, Plaintiff was never a threat and had complied with the Defendant Officers' commands once he exited the vehicle.

25. Plaintiff was on the ground screaming in pain while Defendant ALWERDT allowed Kairo to remain on the bite.

26. There was no justification for Defendant ALWERDT to order Kairo to attack Plaintiff given that Plaintiff was complying with police orders and not resisting in any fashion. Further, there was no justification for Defendant ALWERDT to allow Kairo to remain on the bite for as long as he did.

27. Defendants CHILDERS and WHEELER stood by as Defendant ALWERDT allowed Kairo to keep biting Plaintiff despite the fact that Plaintiff was prone on the ground and screaming.

28. At no point during the encounter between Plaintiff and Defendants ALWERDT, CHILDERS and WHEELER did Plaintiff threaten any of the officers or disregard their commands after he exited the vehicle.

29. Plaintiff was transported to St. John's Hospital to receive medical attention for the dog bite.

30. To justify the excessive use of force, Defendants falsely claimed that Plaintiff was resisting and not following commands at the time Kairo was deployed.

31. Defendants ALWERDT, CHILDERS and WHEELER acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's

rights.

32. As a direct and proximate result of the acts of Defendants ALWERDT, CHILDERS and WHEELER described above, Plaintiff suffered damages including physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

33. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendants CHILDERS and ALWERDT violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants CHILDERS and ALWERDT,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

35. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

36. While Plaintiff was subjected to excessive force as described above, Defendant-Officers ALWERDT, CHILDERS and WHEELER had an opportunity to intervene but chose not to intervene.

37. Defendant-Officers ALWERDT, CHILDERS and WHEELER were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers ALWERDT, CHILDERS and WHEELER,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

38. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

39. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF TAYLORVILLE is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF TAYLORVILLW to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiffs*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
311 W. Stratford Drive
Peoria, Illinois 61614
t. 309.713.3751
f. 312.585.7803
e. louismeyer@meyerkiss.com